IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Bilal A. Al-Haqq, | ) | Case No. 2:20-cv-03233-DCC-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| Warden Evonne Willingham, A/W | ) | |
| Joseph Canning, A/W Elaine Freeman, | ) | |
| Major Jonathan Williams, Capt. Valerie | ) | |
| Thomas, Dedric Williams, Sgt. Michael | ) | |
| Harris, Jennifer Franklin, | ) | |
| Defendants. | ) | |
| _____ | ) | |

## BACKGROUND

This matter is before the Court upon, inter alia, allegations of violations of Plaintiff's civil rights pursuant to 42 U.S.C. § 1983. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings and a Report and Recommendation ("Report"). On February 2, 2022, Plaintiff filed a Motion for Summary Judgment. ECF No. 69. On February 16, 2022, Defendants filed a Response in Opposition to Plaintiff's Motion as well as their own Motion for Summary Judgment. ECF No. 70. Plaintiff filed a Response in Opposition on February 25, 2022. ECF No. 75.

On July 1, 2022, the Magistrate Judge issued a Report recommending that Plaintiff's Motion be denied and that Defendants' Motion be denied as to their request for

a strike and that the remainder of the Motion be granted.[1]  ECF No. 76.  The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so.  No party has filed objections to the Report and the time to do so has lapsed.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  See *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection.  See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (citation omitted)).

## CONCLUSION

As stated above, no party has objected to the Magistrate Judge's Report.  Accordingly, after considering the record in this case, the applicable law, and the Report

---

[1] The Magistrate Judge further recommends finding Plaintiff's request for injunctive relief as moot because he has been transferred to another facility.

of the Magistrate Judge, the Court finds no clear error and agrees with the recommendation of the Magistrate Judge. Plaintiff's Motion for Summary Judgment [69] is **DENIED**. Plaintiff's request for injunctive relief is **FOUND as MOOT**. Defendants' Motion for Summary Judgment [70] is **GRANTED in part** and **DENIED in part**. The Court is of the opinion that the Complaint in this action should not be designated as a strike pursuant to 28 § 1915(g). *See also Lomax v. Ortiz-Marquez*, 140 S.Ct. 1721, 1726 (2020) (stating that § 1915(g) "counts as strikes dismissals of actions that are 'frivolous' or 'malicious,' along with those that fail to state a claim"). Defendants' Motion is granted as to all other grounds for relief.

    IT IS SO ORDERED.

                                              s/ Donald C. Coggins, Jr.
                                              United States District Judge

September 1, 2022
Spartanburg, South Carolina